IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIMMY EDWARD WILLIAMS, | } | |
| TDCJ-CID NO. 576727, | } | |
|     Petitioner, | } | |
| v. | } | CIVIL ACTION NO. H-07-3884 |
| | } | |
| NATHANIEL QUARTERMAN, | } | |
|     Respondent. | } | |

## OPINION ON DISMISSAL

Petitioner Jimmy Edward Williams, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his confinement following the 2006 revocation of parole. (Docket Entry No.1). Respondent has filed a motion for summary judgment alleging that petitioner's habeas action is time-barred and his claims are unexhausted. (Docket Entry No.9). Petitioner has filed a response to the motion. (Docket Entry No.11). Considering the pleadings, summary judgment evidence, and the entire record, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

## BACKGROUND

On December 17, 1990, upon a plea of guilty, petitioner was convicted in the 338th Criminal District Court of Harris County, Texas, of two counts of robbery in cause number 556,267 and sentenced to twenty years confinement in TDCJ-CID. (Docket Entry No.10, *Ex parte Williams*, Application No. 68,228-01 at page 29). Petitioner was later released on parole only to have his parole revoked on April 20, 2006. (Docket Entry No.9, Exhibit B). Petitioner challenged his confinement following the parole revocation by filing a state habeas application

1

on July 13, 2007, which the Texas Court of Criminal Appeals dismissed on October 3, 2007, as improperly filed for failure to pursue administrative remedies. (Docket Entry No.10, *Ex parte Williams*, Application No.68,228-01 at page 2 and at cover, respectively). Petitioner filed the pending action in federal court on November 16, 2007. (Docket Entry No.1).

Petitioner seeks federal habeas relief on the following grounds:

1. Petitioner forfeited eight years of street-time that he earned while on parole in violation of the Due Process Clause and the Eighth Amendment's prohibition against cruel and unusual punishment; and,

2. The State has wrongfully extended his original sentence by not crediting him for the time served on parole;

(*Id.*). Respondent moves for summary judgment on grounds that the petition is time-barred, or alternatively, unexhausted, or without merit pursuant to the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

## DISCUSSION

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground

supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

Petitioner's federal habeas petition is subject to the provisions of AEDPA. *Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition

3

was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

The limitations period in this case began on the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Under this provision, the statute commenced from April 20, 2006, the date petitioner's parole was revoked, and expired a year later on April 20, 2007. Petitioner did not file a state habeas application until July 13, 2007, months after limitations expired; therefore, the tolling provisions found in § 2244(d)(2) do not apply.[1] *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner did not address the limitations issue or request equitable tolling of the limitations period in his response to the motion for summary judgment. (Docket Entry No.11). Nor has petitioner shown in any of his pleadings that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, respondent is entitled to summary judgment as a matter of law.

---

[1] Petitioner's state habeas application was not properly filed, therefore, even if timely, it would not have tolled the federal limitations period. *See Larry v. Dretke*, 361 F.3d 890, 895-96 (5th Cir. 2004) (applying rule that state application erroneously accepted by clerk of court lacking jurisdiction is pending but not properly filed).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

## CONCLUSION

Accordingly, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.9) is GRANTED.

2. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Docket Entry No.1) is DENIED.

3. This cause of action is DISMISSED with prejudice.

4. A certificate of appealability is DENIED.

5. All other pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 18th day of June, 2008.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE